THIS was an action of debt upon articles of agreement between Mahlon Batton and Hannah Bradley by which the latter agreed to rent to the former a certain farm and mill situated on it, for one year to commence on the 25th of March then next ensuing, for $528.00, and for the performance of which each was bound to the other in the sum of $500.00. In the month of January preceding the commencement of the term for which she had agreed to rent, the defendant sold the property and wrote a note to the plaintiff so informing him, and the action was for the breach of the agreement which was duly proved and put in evidence. The damages demanded were five hundred dollars, the amount specified in the agreement, and there was a contrariety of proof as to whether the plaintiff had sustained any actual damage, or not, by the breach of it
Dow, (D. M. Bates with him), for the defendant,
called the attention of the court to the fact that the articles of agreement were stamped with only a one dollar U. S. revenue stamp, whereas the act of Congress required that it should have been stamped with a one dollar and fifty cent stamp, and without which it expressly declared the instrument should be null and void.
Gray, for the plaintiff. The instrument was now before the jury and he would ask the court to charge them that the plaintiff on the evidence was entitled to recover, and that the measure of the damages should be the clear *Page 216 
amount which he would have been able to realize from the year's rent of the premises, if the agreement had been executed in good faith pursuant to its terms by each of the parties. After a brief conference between the counsel, it was arranged by consent that the court should charge the jury on the law of the case, except as to the sufficiency of the U. S. revenue stamp affixed to it, and that the verdict should be taken subject to all legal exceptions on that ground, with leave reserved to the defendant to move to set it aside, if in favor of the plaintiff, and to enter a judgment of nonsuit in the case.
that under the arrangement the plaintiff was unquestionably entitled to a verdict, but it could not be for more than five hundred dollars in any event, and should not be greater than the actual amount of the precise loss and injury which he had directly sustained by reason of the failure of the defendant to comply with the agreement.
The plaintiff had a verdict for one hundred dollars, and there ended the matter.